BLD-192                                                                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1616
_____

IN RE: ALTON BROWN,
                                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 3-14-cv-01180)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 7, 2015
Before: AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: May 12, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Alton Brown has filed a petition for a writ of mandamus seeking to compel the

District Court to rule on his request for "an opportunity to appeal." For the following

reasons, we will deny the mandamus petition.

        On June 20, 2016, Brown filed a civil rights complaint and motion to proceed in

forma pauperis (IFP) in the United States District Court for the Middle District of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pennsylvania. By order entered June 27, 2014, the District Court denied the IFP motion because Brown was a prisoner who had "three strikes" under 28 U.S.C. §1915(g) and failed to demonstrate that he was "under imminent danger of serious physical injury." The District Court dismissed the complaint and ordered the case closed. On September 8, 2014, Brown filed a motion alleging that he "has never received a copy of the [District Court's] dismissal order; he only received notice of the dismissal after the Clerk sent him a copy of the docket, dated 9/3/14, in response to his inquiries about the case." Brown requested a copy of the District Court's order and asked for "an opportunity to appeal." See Fed. R. App. P. 4(a)(6). That request remains pending. Brown filed the present mandamus petition in March 2015, "seeking an order requiring the District Court to rule on [his] motion for leave to appeal."

Mandamus is a drastic remedy available in extraordinary circumstances only. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Meyers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). Generally, a court's management of its docket is discretionary. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 2005). Due to the discretionary nature of docket management, there is no "clear and indisputable" right to have the District Court handle a case in a certain manner. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (quoting Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953)) (internal

2

quotation marks omitted). Mandamus may be warranted, however, when a District Court's delay "is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

In this case, Brown's request for "an opportunity to appeal" motion has been pending since September 2014. Although this delay is not insignificant and raises some concern, see Madden, 102 F.3d at 79, we do not believe that the delay warrants our intervention at this time. We are confident that the District Court will rule on Brown's request without undue delay. In addition, there is no merit to Brown's assertion that the "Clerk and Court conspired to sabotage [his] appeal of the 6/27/14 order."

For the foregoing reasons, we will deny Brown's petition for a writ of mandamus.